ANHEUSER-BUSCH BREWING ASS'N v. BOND.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1895.)

No. 491.

1. DEMURRER—ADMISSIONS.

A demurrer to an answer admits the facts well pleaded therein, but only for the purposes of the demurrer; and, when it is overruled, the facts must be proved as though there had been no demurrer.

2. CONTRACTS—VALIDITY—RETROACTIVE LAWS.

The validity of a contract to pay for beer bought to be resold in the Indian Territory is not affected by the fact that the introduction and sale of beer in the Indian Territory was thereafter made an offense by Act July 23, 1892, amending Rev. St. § 2139.

3. SAME—INDIAN LAWS—CONFLICT OF LAWS.

The validity of a contract between citizens of the United States, valid by the laws of the United States and of the state where made, is not affected by the customs or laws of the Indians in whose territory it was to be carried out.

Appeal from the United States Court in the Indian Territory.

Suit by the Anheuser-Busch Brewing Association against R. I. Bond to foreclose a mortgage. Decree for defendant. Plaintiff appeals.

N. B. Maxey (H. L. Haynes and G. B. Denison were with him on the brief), for appellant.

John W. McLoud, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The Anheuser-Busch Brewing Association, appellant, filed its bill in equity in the United States court in the Indian Territory against R. I. Bond, the appellee, to foreclose a mortgage executed on the 17th day of June, 1892, on four storehouses and fixtures and three stocks of drugs situated in the Indian Territory. John Ellis & Co., a firm composed of J. M. Bond and John Ellis, were indebted to the Anheuser-Busch Brewing Association in the sum of $10,000, for the payment of which the appellee had become surety for Ellis & Co. The mortgage was conditioned to secure the payment of this debt 12 months from the date thereof. By a provision in the mortgage, the mortgagor had the right to retain the possession of the mortgaged property, and conduct the drug business in each of the drug stores, and agreed to keep the stock of drugs in each up to their amount and value at the date of the execution of the mortgage. The bill alleges and the answer admits that, by an arrangement between the parties, the appellee's liability on account of the mortgage debt was reduced to $1,479.65, for which sum the appellee executed his note to the appellant. The answer sets up two defenses: First, that the plaintiff, for a sufficient consideration, released John Ellis from liability to pay the mortgage debt; and, second, that the consideration for the mortgage debt was beer, purchased from the Anheuser-Busch Brewing Association by Ellis & Co., for sale by them in the Choctaw Nation, in the Indian Territory, and that the Anheuser-Busch Brewing Association had notice of this fact;

that it was contrary to the policy of the law of the United States and the laws of the Choctaw Nation to sell beer in the Indian Territory; and that the mortgage was therefore given for an illegal consideration, and void. The defendant filed a demurrer to the complaint, which was afterwards withdrawn, and the plaintiff filed a demurrer to the answer, which was overruled; and afterwards, the case coming on to be heard, the court decreed as follows:

"And now, on this 26th day of February, 1894, the demurrer of the plaintiff to answer of the defendant having been heretofore overruled, and the plaintiff having refused to amend its complaint, and this matter coming on to be heard, upon motion of the defendant for judgment in his favor upon the pleadings and rulings of the court, said motion is sustained, and judgment is rendered for the defendant."

The hearing was had on bill and answer. The answer did not deny the material allegations of the bill, which stated a good cause of action, and was sufficient to entitle the plaintiff to a decree. The burden of proving the affirmative defenses set up in the answer was on the defendant, but no evidence was introduced to support them. The contention of the counsel for appellee that, by demurring to the answer, the plaintiff thereby admitted the facts set up therein, for all purposes and at every stage of the cause, is not tenable. For the purpose of testing the legal sufficiency of an answer in bar, a demurrer admits every fact which is well pleaded; but, when the demurrer is overruled, this admission has served its purpose, and the facts set up in the answer, unless otherwise admitted, must be proved precisely as if no demurrer had been filed. Under the Code in force in the Indian Territory, no replication is required to new matter in an answer which does not set up a counterclaim or set-off. Mansf. Dig. § 5043.

. The ground chiefly relied on in this court to support the decree below, and the ground upon which it was stated at the bar that the lower court proceeded in rendering a decree for the defendant, is that the sale of beer in the Indian Territory was contrary to public policy and the laws regulating intercourse with the Indian tribes. This transaction took place while section 2139 of the Revised Statutes of the United States was in force. In the case of Sarlls v. U. S., 152 U. S. 570, 14 Sup. Ct. 720, the supreme court held that this section did not include lager beer, and that it was not an offense against the laws of the United States to introduce same in the Indian Territory. Subsequent to the sale of the beer which it is alleged constituted the consideration for the mortgage in suit, congress amended section 2139 by an act approved July 23, 1892 (chapter 234, 27 Stat. 260), so as to make it include ale and beer, but this amendment cannot operate retroactively on the contract in suit. It is clear that at the date of this transaction it was lawful under the laws of the United States to introduce and sell beer in the Indian Territory. The decision of the supreme court is conclusive on this question. The validity of contracts between citizens of the United States, which are binding

and valid under the laws of the United States and of the states where made, is not affected by the customs or the laws of the Indian tribes or nations, and we need not therefore inquire what those laws or customs are.

The provision in the mortgage to the effect that the mortgagor should retain the possession of the drugs, and "conduct the drug business," does not invalidate the instrument as between the parties. Conceding that the provision renders the mortgage void as against the other creditors of the mortgagor, the mortgagor himself will not be heard to complain of such a provision or reap any advantage from it. Lund v. Fletcher, 39 Ark. 325; Martin v. Ogden, 41 Ark. 186.

The decree of the United States court in the Indian Territory is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.