KALISTHENIC EXHIBITION CO., Inc., v. EMMONS, Collector of Customs.

(District Court, D. Maine. August 25, 1915.)

No. 739.

1. CUSTOMS DUTIES ⚖══22—PROHIBITION OF IMPORTATION—STATUTES—"FILM OR OTHER PICTORIAL REPRESENTATION OF A PRIZE FIGHT."

Negatives of a prize fight in a foreign country are within Act July 31, 1912, c. 263, 37 Stat. 240 (Comp. St. 1913, § 10416), making it unlawful for any person to bring into the United States from abroad any film or other pictorial representation of any prize fight.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 18; Dec. Dig. ⚖══22.]

2. CUSTOMS DUTIES ⚖══22—PROHIBITION OF IMPORTATION—FILMS OF PRIZE FIGHTS—PUBLIC EXHIBITION.

One seeking to bring into the country negatives of a prize fight in a foreign country, for exhibition before clubs, societies, associations, and athletic clubs and their guests for gain, seeks to import the same in violation of Act July 31, 1912 (Comp. St. 1913, § 10416), prohibiting the importation of any film of any prize fight designed to be used, or which may be used, for purposes of public exhibition; there being no limitation as to the number of the guests of the clubs, societies, and associations, and the exhibition being public.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 18; Dec. Dig. ⚖══22.]

In Equity. Suit by the Kalisthenic Exhibition Company against Willis T. Emmons, Collector of Customs for the Port of Portland. Bill dismissed.

Loucks & Alexander, of Schenectady, N. Y., Tyler, Corneau & Eames and Wm. H. Garland, all of Boston, Mass., and Woodman & Whitehouse, of Portland, Me., for complainant.

John F. A. Merrill, U. S. Dist. Atty., and Arthur Chapman, Asst. U. S. Dist. Atty., both of Portland, Me., for defendant.

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HALE, District Judge. The plaintiff alleges that on April 5, 1915, a pugilistic contest took place in Havana, Cuba, between Jack Johnson and Jesse Willard, for the title of heavy-weight champion of the world; through the use of photographic cameras, certain negative impressions have been taken of the contest; the owner of the negatives has transferred to the plaintiff his rights in the negative films, subject to reservation that no positives made from said negatives should ever be used for the purpose of public exhibition. Plaintiff has sought to make entry of these negatives with the defendant, as collector of the port of Portland, and has tendered the same, along with the duty thereon, for entry in the customhouse; but the defendant has peremptorily refused to allow the plaintiff to bring the negative films into the United States. The plaintiff says that its rights of private exhibition are worth at least $100,000, which are decreasing at the rate of $25,000 per month from the date of the filing of the bill; that the damages to be sustained by it, in the event of the action being unsuccessful, are difficult to prove; that they are so large that the defendant is financially unable to respond to the damages; and that its rights are constantly decreasing with the lapse of time. The plaintiff prays for a temporary and permanent injunction against the defendant, enjoining him from interfering with the plaintiff in entering through the customhouse at Portland the negative film in question, on payment of the duties prescribed by law. A hearing has been had before me upon the application for a temporary injunction. The temporary injunction was denied.

The action is now heard on bill, answer, and proofs. The manager of the company testifies that it is his intention to exhibit the positives, made from the film in question, "before clubs, societies, associations, and athletic clubs, and their guests"; that the value for such exhibitions would be at least $100,000; that such value would be decreased over 50 or 60 per cent. in three months from now, and 75 per cent. in six months from now, when the contest would be forgotten. He says the company is ready to furnish a bond, if the film be admitted to entry, that only such exhibitions shall be given as he has described.

[1] A statute of the United States, passed July 31, 1912, incorporated in the United States Compiled Statutes of 1913 in section 10416, is as follows:

"It shall be unlawful for any person to deposit, or cause to be deposited, in the United States mails for mailing or delivery, or to deposit, or cause to be deposited, with any express company or other common carrier for carriage, or to send or carry from one state or territory of the United States or the District of Columbia * * * or to bring, or to cause to be brought, into the United States from abroad, any *film* or other pictorial representation of any prize fight or encounter of pugilists, under whatever name, which is designed to be used, or may be used, for purposes of public exhibition.

The plaintiff says that its film is not within the inhibition of this statute; that the negative itself is physically incapable of being used, and is not designed to be used, for purposes of exhibition, but that, in order that the pugilistic contest impressed on the negative be exhibited, it would be necessary to print from the negative a positive film; that there is no attempt to import any such positives into the

United States; that there is nothing in the statute to prevent the printing of positives from this negative in question, for the purposes of exhibitions to clubs, associations, societies, athletic clubs, and their guests. The plaintiff is willing to give a bond that the positive shall be used only for such exhibitions; and it calls them *private* exhibitions.

I have no hesitation in finding that the film in question is "a film or other pictorial representation of a prize fight," and is within the inhibition of the statute.

[2] The plaintiff says further that, even though a negative film may be within the meaning of the statute, the pictorial representation in this case is not such as "is designed to be used, or may be used, for the purposes of public exhibition"; that the use which the plaintiff seeks is for private exhibitions before clubs, societies, associations, athletic clubs, and their guests; that an exhibition, in order to be public, must be before an indiscriminate audience; that any representation before a select audience is private, within the meaning of the act; and that an exhibition before clubs, societies, associations, athletic clubs, and their guests should be held to be private, and not public.

The statute makes it unlawful for any person to bring into the United States from abroad any film or other pictorial representation of any prize fight "which is designed to be used, or may be used, for purposes of public exhibition." The avowed purpose of the plaintiff is to show its pictures of this prize fight to thousands of people during the next few months for gain. It expects to receive $100,000 for such exhibitions. Its purpose is to show the picture, not only to clubs, societies, associations, and athletic clubs, but to their guests. The selection of guests is left entirely to the clubs, societies, associations, and athletic clubs giving the various exhibitions; no control remaining with the plaintiff as to the designation of the guests, or with reference to limiting their number. With such a purpose, it is clear that the pictorial representation *may be* used for the purposes of public exhibition. In Commonwealth v. Mack, 187 Mass. 441, 73 N. E. 534, the Massachusetts court held that an exhibition may be found to be public, although the building where the show is to be given is leased to a club, and each applicant for a ticket is required to sign a request to become a member of the club. It was held that, even though club machinery was used, the clear purpose was to obtain publicity, and to evade the law. In the case at bar, no pretense is made that persons must become members of the club in order to see the show; no protection is given that the various clubs, societies, associations, and athletic clubs will not have thousands of people as guests, and give an exhibition substantially public. In fact, unless large masses of people are present at the proposed exhibitions, the plaintiff will not be able to get the gain which it avowedly seeks. The act is clearly within the general intention of the present laws against prize fights. It is for the protection of public morals. It is for the purpose of preventing the immoral influence of spectacular representations of prize fights before large numbers of people. It is the duty of the court to carry out the clear intention of the Congress, and not permit it to be "eluded by mere construction." Oates v. National Bank, 100 U. S. 239, 244, 25 L. Ed. 580. In the case before me, the clear intention of the plaintiff

is to show pictures of the prize fight in question to masses of people in this country, and to get gain by its venture. This is precisely what Congress did not intend to allow. Calling an exhibition "private" does not make it so. An exhibition cannot be said to be private, or "characterized by freedom from observation," if such masses of people are to be invited to see it as intended by the plaintiff. The cases brought to the attention of the court by the learned counsel for the plaintiff are not of great assistance in passing upon this statute. The leading case cited is Kene v. Wheatley, 14 Fed. Cas. 180, the "American Cousin" Case, in which Judge Cadwalader, a District Judge in the Pennsylvania Circuit, had before him a question arising under copyright law. The court discusses, among other things, whether a circulation may be private when made to a few ascertained persons only.

In the case before me, it is not pretended that the picture of the prize fight is intended to be presented only to a few ascertained people; it is to be presented to "clubs, societies, associations, athletic clubs, and their guests." No limitation is made as to the number of their guests. There is no question of a "select few placed under conditions." The number of guests may be large; in fact, it must be large, in order to meet the expectations of the plaintiff of getting gain from its venture. I think the plaintiff's venture is clearly against the spirit and meaning of the statute.

The bill is dismissed, with costs for the defendant.