PANTOMIMIC CORP. v. MALONE et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 141.

CUSTOMS DUTIES ☞22—PROHIBITED IMPORTATION—PICTURE OF PRIZE FIGHT.

    A picture is caused to be brought into the United States, in violation of Act July 31, 1912, c. 263, 37 Stat. 240 (Comp. St. 1913, §§ 10416–10418), declaring it unlawful to bring or cause to be brought into it any film or other pictorial representation of any prize fight, which is designed to be used or may be used for purposes of public exhibition, where on a reel in Canada, in front of an electric light, is run an original positive film taken from the original negative film of a foreign prize fight, and opposite it in the United States, through a moving picture camera, is run an unexposed film, from a reel; the two reels being connected by an endless chain, so that the two films move the same distance in the same time, resulting in an exact negative reproduction being taken on the American side of the positive film on the Canadian side, from which secondary negative, rephotographed by another camera, a positive film, capable of public exhibition, could be and was made.

    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 18; Dec. Dig. ☞22.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Pantomimic Corporation against Dudley Field Malone, Collector, and another. From a decree dismissing the bill, complainant appeals. Affirmed.

Harold T. Edwards, of New York City, for appellant.
H. Snowden Marshall, U. S. Atty., of New York City, for appellees.
Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. August 9, 1916, the complainant filed its bill against the defendants, as collector and deputy collector of United States customs at the port of New York, alleging that they had threatened and attempted to seize, and were threatening and attempting to seize, a certain secondary negative and a certain secondary positive film belonging to it, now in the port and collection district of New York, for the purpose of bringing an action for their condemnation, as provided in sections 3072, 3082, and 3087 Rev. St. (Comp. St. 1913, §§ 5775, 5785, 5790), which would cause the complainant irreparable injury, for which there was no adequate remedy at law, and praying that a temporary injunction might issue, restraining the defendants from so doing, to be made perpetual on final hearing.

On the same day Judge Mayer granted an order upon the defendants, returnable August 17th, to show cause why they should not be enjoined as prayed for, issuing a restraining order in the meantime. The defendants answered, admitting all the allegations of fact in the bill, but denying that the complainant was entitled to the relief sought for, and praying that the bill be dismissed. August 17th the matters came on before Judge Augustus N. Hand for hearing, and on September 1st he vacated the order and dismissed the bill.

The defendants relied on chapter 263, Laws of 1912, 37 Stat. 240, which is as follows:

"Chapter 263.—An act to prohibit the importation and the interstate transportation of films or other pictorial representations of prize fights, and for other purposes.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that it shall be unlawful for any person to deposit or cause to be deposited in the United States mails for mailing or delivery, or to deposit or cause to be deposited with any express company or other common carrier for carriage, or to send or carry from one state or territory of the United States or the District of Columbia to any other state or territory of the United States or the District of Columbia, or to bring or to cause to be brought into the United States from abroad, any film or other pictorial representation of any prize fight or encounter of pugilists, under whatever name, which is designed to be used or may be used for purposes of public exhibition.

"Sec. 2. That it shall be unlawful for any person to take or receive from the mails, or any express company or other common carrier, with intent to sell, distribute, circulate, or exhibit any matter or thing herein forbidden to be deposited for mailing, delivery, or carriage in interstate commerce.

"Sec. 3. That any person violating any of the provisions of this act shall for each offense, upon conviction thereof, be fined not more than one thousand dollars or sentenced to imprisonment at hard labor for not more than one year, or both, at the discretion of the court."

April 5, 1915, one Jess Willard and one Jack Johnson engaged in a prize fight at the city of Havana, Cuba. Moving pictures of the fight were taken on negative films, from which positive films could be and were developed for public exhibition. Early in April, 1916, a moving picture camera was set up eight inches on the American side

of the international boundary between the state of New York and the Dominion of Canada, with the lens directed towards Canada. About eight inches on the Canadian side of the boundary a box was set up facing the camera. An original positive film taken from the negative film made at Havana was run on a reel through the box in front of an electric light on the Canadian side. An unexposed film was run from a reel through the camera on the American side directly opposite it. The two reels were connected by an endless chain, so that the two films should move the same distance in the same time. The result was that an exact negative reproduction was taken on the American side of the positive film on the Canadian side. From this secondary negative, rephotographed by another camera, a positive film capable of public exhibition could be made and was made.

The complainant is engaged in the moving picture business, is the owner of the secondary negative film, and has the exclusive right to make positive films therefrom for public exhibition, which it proposes doing. To sustain the decree, the statute being penal, the things complained of must fall within its language. It is not enough that they are within the mischief of the act. Sarlls v. United States, 152 U. S. 570, 14 Sup. Ct. 720, 38 L. Ed. 556. It will be seen that neither the original negative nor the original positive taken at Havana were ever in the United States, and that the secondary negative and positive which are now in the United States were produced here by means of light rays crossing from a box in Canada to a camera in New York and there making a picture of the positive film in Canada on a sensitized negative film in New York.

As the United States has no right to exercise police power, pure and simple, within the states, the legislation must rest upon the power of Congress to regulate commerce. The Supreme Court has held the act constitutional in Weber v. Freed, 239 U. S. 325, 36 Sup. Ct. 131, 60 L. Ed. 308, Ann. Cas. 1916C, 317. It is quite apparent that the only prohibition in the language of the act that can apply in this case is that against bringing or causing to be brought in the film in question or a pictorial reproduction of the fight to be used or that may be used for purposes of public exhibition.

Judge Hand held that such pictorial reproduction was so brought in and we agree with him. The transaction is plainly within the mischief of the statute, but the appellant contends that the statute only prohibits the importation of something physical or corporeal, whereas nothing but rays of light were brought in on this occasion. Generally speaking, this may be so; but we think that, when parties on each side of the boundary co-operate, by means of two plants connected together, to transfer a prohibited picture from Canada to New York, they are carrying on foreign commerce and do cause the picture to be brought into the United States, within the meaning of the act, even though rays of light are necessary to the result. Certainly the operation resulted in producing a picture in New York of the picture in Canada.

In Kalisthenic Exhibition Co. v. Emmons (D. C.) 225 Fed. 902, the complainant sought to bring in a negative film of the same fight on the

ground that it could not be used for purposes of exhibition, because a positive film would have first to be taken from it, which positive film could be so used; but the court held that the negative film was a pictorial representation within the, meaning of the act, and the Circuit Court of Appeals was of the same opinion. 229 Fed. 124, 143 C. C. A. 400.

The decree is affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes