ILLINOIS CENT. R. CO. v. NORRIS.

(Circuit Court of Appeals, Seventh Circuit. August 23, 1917.)

No. 2452.

1. LIMITATION OF ACTION ⊕123—INJURIES TO SERVANT—DECLARATIONS—SUFFICIENCY.

Plaintiff's original declaration, seeking to recover for the death of a brakeman killed while engaged in cutting out cars from a train used in interstate commerce, when the conductor gave a signal for the moving of cars while the brakeman was between them, is not, for failure to allege a duty on the part of the conductor to the brakeman, and its violation, insufficient under Act April 22, 1908, c. 149, § 1, 35 Stat. 65 (Comp. St. 1916, § 8657), for the statute makes a carrier liable to personal representatives of an employé who dies from injuries resulting in whole or in part from the negligence of any of the employés of the carrier; and hence, though demurrer was erroneously sustained to the declaration and an amended declaration filed more than two years after the death of the brakeman, the action cannot be barred on the theory that plaintiff failed to bring the action within two years of the date of accrual.

2. MASTER AND SERVANT ⊕279(5)—INJURIES TO SERVANT—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action under Comp. St. 1916, § 8657, for the death of a brakeman killed while engaged in interstate commerce, evidence *held* sufficient to warrant findings that defendant railroad company and its conductor were negligent.

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **MASTER AND SERVANT** ⬤⟳216(3)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Where it was the duty of a conductor of a freight train to look out for the brakeman as much as possible in switching operations, though each was to look out for himself, a brakeman, a short distance from the conductor, who went between the cars to cut off the air brakes from cars to be switched, and whose presence there could easily have been ascertained, because his lantern was no longer visible along the train, did not assume the risk arising from the conductor's negligent orders to the engineer to move the cars.

4. **PLEADING** ⬤⟳214(8)—DEMURRER—ADMISSIONS.

While a demurrer for purposes of argument admits all of the averments in the pleading challenged, nevertheless it cannot be used as an admission against the party interposing it.

5. **EVIDENCE** ⬤⟳210—JUDICIAL ADMISSIONS—MOTION.

Where, before suit under Comp. St. 1916, § 8657, plaintiff made a claim under a state Workmen's Compensation Act for the death of a brakeman, statements in plaintiff's motion to quash a writ of certiorari brought by defendant to vacate an award in plaintiff's favor, which purported to set forth the testimony taken in the proceeding, cannot, in the subsequent action under the federal act, be received as an admission by plaintiff.

6. **EVIDENCE** ⬤⟳207(2)—ADMISSIONS—CHANGE OF THEORY.

In an action under Comp. St. 1916, § 8657, defendant is entitled to show that plaintiff, in a previous proceeding on the same cause of action brought under a state Workmen's Compensation Act before the Industrial Board, adopted another theory as to the accident; but such showing is not conclusive.

7. **EVIDENCE** ⬤⟳320—ADMISSIBILITY—HEARSAY.

In an action under Comp. St. 1916, § 8657, brought for the death of a brakeman, killed while engaged in interstate commerce, the conductor, in charge of the train on which the brakeman was employed, was on cross-examination asked if he did not, in a previous proceeding brought by plaintiff under a state Workmen's Compensation Act, state that the accident happened in a particular manner. It appeared that the conductor in his statement in the workmen's compensation proceeding described the accident, not only from his personal knowledge, but from it coupled with his opinion based on statements made to him. *Held*, that the question whether the conductor gave certain description was improperly admitted.

8. **MASTER AND SERVANT** ⬤⟳412—WORKMEN'S COMPENSATION—REVIEW—HARMLESS ERROR.

In such case, where the question whether the conductor was negligent in directing switching operations while the brakeman was between the cars was disputed, and his hearsay statement bore on that issue, such cross-examination was prejudicial error.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by Maude Norris, administratrix of the estate of Herbert Norris, deceased, against the Illinois Central Railroad Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Action for damages arising out of the death of Herbert Norris. Verdict and judgment for defendant in error, herein called the plaintiff. Herbert Norris, a brakeman employed by plaintiff in error, herein called the defendant, died as a result of injuries received while occupied in the line of his employment on a freight train engaged in interstate commerce. The train crew, of

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which deceased was one, was composed of five members, the engineer, fireman, two brakemen, and a conductor, and this crew at the time of the injury was engaged in switching out cars at Centralia, Ill. The main train was on the main track and faced south, and the rear brakeman was stationed to the rear of the train. Norris was a front brakeman, and with the conductor was cutting out and switching cars to the side track. Plaintiff claims that deceased was between two cars, cutting the line, when the conductor signaled the engineer to back up. Norris' foot was somehow caught between the point of the side track and the main track, and he was knocked down and run over. After being backed, the train was again moved forward. The injury occurred about 9 o'clock p. m., and Norris died the next day. The engineer testified that, very shortly before he received the signal to back up, he saw on the same side of the train two lanterns, one of which he believed was carried by the brakeman and one by the conductor. The conductor testified that he did not know where Norris was, and that he did not see him nor his lantern shortly before he gave the signal to back up, and· that he did not know, nor was it his duty to find out, Norris' exact position before giving the signal to back up.

Prior to the commencement of this action, a claim was filed with the Industrial Board of the state of Illinois, and counsel for the plaintiff there contended that the accident was an unavoidable one, and occurred without any negligence on the part of the railroad's employés. The trial court refused to let defendant show this fact on the trial. In the course of the trial, plaintiff called the conductor as her witness, and he testified with apparent willingness. After the cross-examination, but not in respect to anything brought out thereon, plaintiff's attorney asked the witness whether he did not make a certain answer to a certain question before the Industrial Board, and over the defendant's objection the witness was directed to answer. More detailed reference to the testimony appears in the opinion. On September 10, 1915, the declaration was filed and summons issued. Norris was injured September 14, 1913. The original declaration was, upon demurrer, held insufficient. An amended declaration was filed more than two years after the date of the death. Defendant thereupon pleaded the statute of limitations, but a demurrer to this plea was sustained.

The following errors are assigned: (a) Failure of the court to hold plaintiff's claim barred by the statute of limitations. (b) Failure of the court to direct verdict in defendant's favor. (c) Erroneous admission of evidence. (d) Erroneous rejection of evidence.

Bruce A. Campbell, of East St. Louis, Ill., for plaintiff in error.

Jacob Zimmerman, of Effingham, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] Defendant contends that the liability created by Act April 22, 1908, c. 149, § 1 (Comp. St. 1916, § 8657), is barred in the instant case, because the personal representatives of the deceased failed to bring this action within two years from the date the cause of action accrued. It admits the declaration was filed within two years from the date of Norris' death, yet it is claimed, the original declaration being insufficient to state a cause of action, the statute of limitations was not tolled until the amended and sufficient declaration was filed. It is unnecessary for us to decide in this case whether an action is begun within the meaning of this act by the issuance of a summons upon· the filing of an insufficient declaration. We are convinced that the original

declaration (held insufficient by the District Court) stated a cause of action against the defendant.

The particular attack upon the declaration as originally filed was directed to the failure of the pleader to allege a duty on the part of the conductor to the brakeman and its violation, and much dependence in support thereof is placed on the case of McAndrews v. C. L. & S. Railway Co., 222 Ill. 232, 78 N. E. 603. We are convinced that the declaration in the present case is distinguishable from the declarations in the cases cited in defendant's brief, including the McAndrews Case. Section 8657, Compiled Statutes 1916, expressly imposes upon the carrier a liability to the personal representatives of an injured employé who dies from injuries resulting in whole or in part from the negligence of any of the employés of such carrier. Plaintiff in this case alleged facts to show that the carrier was engaged in interstate commerce at the time of the injury, and the act referred to unquestionably applied and governed the rights of the parties to this action. It was therefore unnecessary to assert in the declaration the particular duty which the conductor owed to the brakeman, for Congress by this act imposed a liability on the railroad in case injury resulted to one employé through the negligence of another. Irrespective of the act of Congress, it is doubtful if greater particularity would have been required to sustain the original declaration, although in many jurisdictions it would have been subject to a motion to make more definite and certain.

The original declaration being sufficient, nothing remains of defendant's contention that the action was not brought within two years from September 15, 1913.

[2] Defendant further contends that the evidence, viewed most favorably to the plaintiff, fails to support a verdict against it, and that the motion to direct the verdict for the defendant should have been granted. The alleged negligence of the defendant was based upon the action of the conductor in directing the engineer to back up the train when Norris was between the cars and subject to be injured by any sudden and unexpected movement of the cars. It appears from the testimony of the engineer that, immediately before receiving this signal to back up, he looked out of the cab window and saw, upon the same side of the train, light from two different lanterns, and it is well nigh impossible to conclude that these two lanterns were held by any one other than the conductor and the brakeman, Norris. It is therefore contended by the plaintiff that, the brakeman being between the conductor and the engineer shortly before the signal to back was given and he having disappeared at the time the signal was given, the conductor was negligent in directing a movement of the train which was necessarily fraught with such danger to the life of the brakeman.

Defendant contends that, notwithstanding this evidence, it was free from neglect, because of the testimony of the conductor to the effect that he did not see the brakeman, and that it was not his duty to locate him before giving the signal. We cannot accept the defendant's contention, notwithstanding the conductor's statement that each employé

245 F.—59

looked out for himself, and that it was not customary for a conductor to ascertain where his men were before he gave a signal. We are convinced that the evidence warranted the jury in finding the conductor negligent upon the facts disclosed by the testimony in this case. The testimony justified the jury in finding that the conductor had good reason to believe the brakeman was between the cars. It was the brakeman's duty to go between the cars and release angle cocks and shut off the air in switching cars.

Where the brakes are operated by air, it is necessary for the brakeman or conductor to "cut the line" as well as to uncouple the cars. Norris had been constantly so engaged to the knowledge of the conductor. He was supplied with a lantern. Both men were busily engaged in a common task and were only a short distance apart. If Norris' lantern was not in sight, the conductor had good reason to believe that he was between the cars. The conductor, on cross-examination, admitted that it was the duty of each of them (the conductor and the brakeman) "to look out for each other as much as possible." We conclude that the jury was amply justified from all the evidence in finding the conductor guilty of negligence in the respect claimed by the plaintiff.

[3] Nor did the deceased assume the risk of such signal being carelessly given. We may well accept the statement that each employé, in switching operations, was to look out for himself, and yet a brakeman could not be said to have assumed the risk arising from the negligent conduct of the conductor. The brakeman was not chargeable with notice that his fellow employé would violate a rule or a custom. He had reason to believe the conductor would not move the train while he was between the cars. If, as the conductor said, it was his duty to look out for the brakeman as much as possible, the brakeman had a right to assume that such duty would not be violated. We conclude no error was committed in submitting both the questions of defendant's negligence and the deceased's assumption of risk to the jury.

[4, 5] Complaint is also made because the court refused to receive in evidence, as offered by the defendant, a certain written motion made by the attorney for the plaintiff, appearing at that time as the attorney for the Industrial Board of the state of Illinois, and also refusing to receive proof offered by the defendant to the effect that the plaintiff's attorney before the arbitration board contended that the accident was an unavoidable one, and occurred without any negligence on the part of the employés of the railroad.

The Industrial Board of the state of Illinois decided in plaintiff's favor, and the defendant in this action secured a writ of certiorari from the circuit court of Cook county to vacate the award of the Industrial Board. The claimant before the Industrial Board was the plaintiff in this case, and her attorney appeared to support the position taken by the Industrial Board. He moved to quash the writ of certiorari, and as one of his grounds asserted:

"Third. That at night the conductor, six or seven cars away from Norris, was making a coupling, and while doing so Norris stepped onto the rails

near the switch point to turn the handle cock in the air hose, and his foot slipped in between the rail and the switch point. On account of his heavy, stout shoes, he could not extricate himself. The conductor gave the signal to back up, and the train backed until the car, where Norris turned the angle cock in the air, reached the conductor, and then he gave the signal for the train to be pulled ahead over the switch point, and when he got up to the switch he found Norris between the tracks with his leg crushed. This was an unavoidable accident, without any negligence whatever. Therefore the federal Employers' Liability Act does not apply. The federal Employers' Liability Act does not cover the field of injuries to employés, but is expressly limited by the title of the act to liabilities in certain cases by the act itself. Its field is limited to those injuries resulting in whole or in part from negligence. * * *"

This evidence was properly excluded. While statements made by parties in their pleadings or in open court are generally admissible in evidence in other proceedings against the party making them, and this rule extends to statements of the attorneys for such parties, the excluded evidence above set forth does not come within this rule because it does not purport to be a statement of the plaintiff or her attorney. Plaintiff's attorney was merely moving to quash a writ of certiorari. Both the writ and the motion were necessarily based on the testimony received before the Industrial Board. So far as it is an admission, a motion to quash a writ of certiorari is not unlike a demurrer to a pleading. In the case of a demurrer, for the purposes of the argument, the allegations appearing in the pleading challenged are admitted. Nevertheless a demurrer cannot be used as an admission against the party interposing it. Anheuser-Busch Brewing Ass'n v. Bond, 66 Fed. 653, 13 C. C. A. 665; Lawler v. Couch, 80 Ind. 369.

[5] A motion to quash a writ of certiorari, where one of the grounds therefor contains a statement that purports to set forth the testimony taken in the proceedings reviewed, should not, for that reason, be received in evidence as an admission of the moving party. But the court erred in refusing defendant the right to show that plaintiff's attorney before the Industrial Board took the same position in respect to these facts as appeared in the motion to quash, as quoted above. Such testimony, while not conclusive on the plaintiff, was admissible. Jones on Evidence (2d Ed.) § 257; Allen v. U. S. Fidelity Co., 269 Ill. 234, 109 N. E. 1035.

[7, 8] Defendant further complains because the court, against its objection, required the conductor to testify concerning statements made by him before the Industrial Board in response to a general question put to him. The witness was called by the plaintiff, and testified with apparent willingness. After being cross-examined, but not in respect to anything brought out on the cross-examination, plaintiff's attorney asked this question:

"And then wasn't this question asked you, 'Now will you describe the accident as near as you can" and didn't you then say, 'Well, Norris and I were switching out cars, and I was in the neighborhood of six or seven cars from Mr. Norris, making a coupling, and I gave the signal to the engineer, so that he reduce the speed of the head portion of the train so that it was safe to make the coupling, and he just about stopped the head end of the train.

·At that time the brakeman, Norris, was about 6 car lengths ·from me. He stepped in to pull the angle cock in the air hose, and his foot slipped in between the switch point and the rail, and, having on a pair of heavy shoes, he was unable to get his foot out, and on making the coupling I gave the signal to back up, and when they backed up as far as I wanted them to I cut off right where he had turned this angle cock in the air. Then I gave the signal for the engine to be pulled ahead over the switch point. About the time I got to the switch, I heard him hollow, and the cars moved off, and he was between the tracks with his leg crushed, and those six cars had been backed or pulled ,over him. We had to pull the rail over to get his foot out. We then sent a man for the ambulance.' A. I said it in substance."

It appears from testimony subsequently given that the conductor was in fact called to testify before the Industrial Board, and that his testimony there given was not restricted to what he saw, nor what he knew; but he was permitted to describe the accident, basing his opinion upon statements made to him, and he was permitted to draw conclusions from facts which he observed, and facts concerning which he had been informed. From this answer, thus made before the Industrial Board, the jury could fairly infer, and in fact could hardly conclude otherwise, that the conductor saw Norris step in between the cars just before he directed the movement of the train, which resulted in the deceased's injury.

It was known to the plaintiff's counsel that the conductor did not see the accident, and in fact could not have described the accident, except from hearsay statements. The plaintiff knew that the conductor's answer to the question propounded to him was based upon hearsay statements. It was highly prejudicial to the defendant, and there was no justification or explanation offered for its reception. In view of the dispute over the conductor's alleged negligence, we are unable to say that the error was not prejudicial.

Judgment is reversed, and the cause remanded for new trial.