THOMAS J. JOHNSON *vs.* DANIEL W. RUSSELL.

Suffolk.   March 9. — May 7, 1887.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action upon an order for a sum of money, to be paid out of money to become due C., the drawer, drawn on the defendant in favor of the plaintiff, the answer of the defendant in a former action brought against him by C., which set up the order and alleged that the defendant had promised to pay it out of any funds in his hands, and contended that the amount of the order should be deducted from C.'s claim, is admissible in evidence, for the purpose of proving an acceptance of the order by the defendant, and that something was due under it, although the defendant testified that he had never seen the answer, and did not know its contents ; but an agreement between the attorneys in the former action, by which C.'s attorney was to deduct from any verdict in the plaintiff's favor the amount of the present order with others, and to take judgment only for the balance, and the judgment in that action, offered in evidence for the purpose of showing that the verdict therein against the defendant was sufficient in amount to cover this and the other orders, and that execution issued for an amount which was more than enough to cover the present order and was returned satisfied in full, are inadmissible to show that anything was due.

CONTRACT upon an order for $600, dated March 13, 1882, drawn upon the defendant by John Campbell in favor of the plaintiff, and payable out of the " last payment."

Trial in the Superior Court, without a jury, before *Mason, J.,* who allowed a bill of exceptions, in substance as follows :

When said order was drawn, Campbell was building a house for the defendant, and was indebted to the plaintiff for materials

used in the construction of the house. After the order was drawn, Campbell brought suit against Russell, claiming a balance due him on account of said building. His answer filed in that suit, among other defences, set up the order now in suit, with other orders drawn by Campbell, alleged that he had "promised to pay them out of any funds of the plaintiff in his hands," and contended that "the amount of said orders should be deducted from the plaintiff's claim." Russell testified that he had never seen the answer, and did not know its contents.

The plaintiff offered in evidence the answer of Russell above mentioned, for the purpose of showing a conditional acceptance of said order. This evidence was excluded.

The plaintiff also offered to show an agreement made in open court, at the trial of said action of Campbell against Russell, by the respective attorneys of Campbell and Russell, that the amount of the Johnson order with others should be deducted from any verdict recovered in favor of Campbell, and judgment entered for the remainder; but it did not appear that Russell knew anything about said agreement, this action not having been brought at that time. This was excluded.

The plaintiff also offered in evidence the judgment in said action of Campbell against Russell, for the purpose of showing that the verdict therein against Russell was sufficient in amount to cover this and the other orders; and that execution issued for an amount which was more than enough to cover the present order, and was returned satisfied in full. This was also excluded.

No other evidence was offered by either party as to whether or not anything was due from the defendant to Campbell.

The judge found specially that nothing was due from the defendant to Campbell, and found generally for the defendant. The plaintiff alleged exceptions.

*G. B. Upham & J. Herbert*, for the plaintiff.

*C. T. Gallagher & J. F. Wheeler*, for the defendant.

W. ALLEN, J. Having proved the order, it lay upon the plaintiff to prove the acceptance of it by the defendant, and that there was something due from him to Campbell. For the purpose of proving the acceptance, he offered in evidence the

answer of the defendant in a former action brought against him by Campbell, which set up the order, and alleged that the defendant had promised to pay it out of any funds in his hands, and contended that the amount of it should be deducted from Campbell's claim. This evidence was rejected by the court solely for the reason, as was assumed at the argument, that it was a statement made in the course of pleading. The rule that the pleadings in a cause are not evidence on the trial, but allegations only, is limited to the suit in which they are pleaded; outside of that, admissions and declarations of a party in his pleadings are competent against him, but they must appear to be the act of the party, and not merely of his attorney. When it is his personal act, as in an answer in chancery sworn to by him, it is competent. When it is a pleading by attorney of formal allegations, which may be presumed to have been made without special instructions from his client, it is not competent. But particular and specific allegations of matters of action or defence, which cannot be presumed to have been made under the general authority of the attorney, but are obviously from specific instructions of the party, are competent. *Dennie* v. *Williams*, 135 Mass. 28, and cases cited. The answer offered in evidence carries with it the presumption that it was made under the instructions of the defendant; and the testimony of the defendant, that he had never seen the answer and did not know its contents, without denying that he had given instructions for it, does not overcome the presumption, especially in view of the fact that the cause proceeded to trial and verdict under the answer. We think that the evidence should have been admitted.

It is contended for the defendant, that the evidence was immaterial, because the finding of the court that there was nothing due from the defendant to Campbell made acceptance of the order immaterial. After the rejection of the evidence, in the course of the trial, the plaintiff offered other evidence, which was incompetent and was properly excluded, for the purpose of proving that there was enough due from the defendant to Campbell to meet the order. There was no other evidence offered by either party upon the question whether anything was due from the defendant to Campbell, and there was no evidence before the court that anything was due. Hence the special finding.

Upon this question, the evidence of the answer of the defendant in the former suit was competent, and, if it had been considered by the court, might have led to a different finding; and it would have been before the court but for the erroneous ruling excluding it. If it should be argued that the finding rendered the evidence immaterial for the purpose for which it was offered, the answer is that it was material for that purpose, and competent as evidence in the case until the finding was made, and the defendant had the right to have it before the court until then, and to have it considered by the court on the question of the finding. The fact that the evidence was not offered for that particular purpose is not material. It was offered for a purpose for which it was competent, and was excluded for reasons that applied equally to an offer for the other purpose. It was offered to prove an acceptance of the order when the plaintiff was proving that part of his case, and the ruling excluding it was in effect a ruling that it was not competent for either purpose. When the plaintiff reached the other part of his case, and attempted to prove that there was something due from the defendant to Campbell, a renewed offer of the rejected evidence for the purpose of proving that fact would have only been asking for a reversal of the former ruling, and, at least, was unnecessary.

The offer to prove an agreement between the attorneys in the former suit seems to have been properly excluded. It is not sufficiently definite and certain to show any admission by the defendant's attorney. It appears to have been an agreement by the plaintiff's attorney to deduct from any verdict in his favor the amount of the present order, with others, and to take judgment only for the balance. It does not appear that the defendant's attorney did anything more than to receive the voluntary promise of the plaintiff's attorney. It is not sufficient to prove any admission by the defendant's attorney, much less any by which the defendant himself should be affected.

The judgment offered was *res inter alios*, and was properly excluded.                                     *Exceptions sustained.*