ELIZA V. CROWELL, administratrix with the will annexed, *vs.* ELLEN MOLEY.

Middlesex. January 12, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Evidence,* Presumptions and burden of proof. *Contract,* What constitutes.

A plaintiff does not sustain the burden of proof which the law imposes on him if the facts which he proves are as consistent with the defendant's view of the case as with his own.

In an action on an alleged oral contract to pay personally a promissory note of the deceased father of the defendant, if the plaintiff contends that in consideration of the defendant's promise to pay the note the plaintiff discharged the estate and accepted the defendant as his sole debtor, but the evidence produced by the plaintiff is consistent with the acceptance by the plaintiff of a voluntary promise of the defendant not binding and known not to be binding in preference to his chance of recovering the amount of the note or a dividend from the estate, this does not sustain the burden of proof imposed upon the plaintiff by the law.

CONTRACT on an alleged oral contract of the defendant to pay a promissory note for $500 made by the defendant's father to the plaintiff's testator as stated in the opinion. Writ dated January 3, 1903.

In the Superior Court the case was tried before *Wait*, J., who ordered a verdict for the defendant, and after verdict reported the case for determination by this court. If the ruling of the judge was correct judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and the case was to stand for a new trial.

*J. Noble, Jr.*, for the plaintiff.

*F. Burke*, for the defendant.

LORING, J.   This is an action brought by the widow and administratrix with the will annexed of the payee of a promissory note, on an alleged promise by a daughter of the maker to pay the amount of the note out of her own funds.

The payee died October 17, 1897, that is to say after the note was outlawed under the special statute of limitations as to actions against administrators and executors. R. L. c. 141, § 9. No direct evidence was put in by the plaintiff of any contract between the payee and the defendant. The plaintiff testified that she had had a conversation with her testator late in the summer of 1897, that is to say, after the two years for bringing suit against the executors of the maker had expired. But although this conversation, if it was not a private conversation between husband and wife, would be admissible under R. L. c. 175, § 66, the plaintiff did not testify what her testator said was the reason why the note was not collected of the estate.

What the plaintiff did testify to was that the indorsement dated January 1, 1897, on the back of the note is in the handwriting of her testator. This was a payment of interest to date, and it is to be observed was made before the two years had expired. The plaintiff also testified that she had had a number of conversations with the defendant, the first one being early in the spring of 1898, and the last on Christmas, 1899. At these conversations, or at one of them, the plaintiff had said in substance, " You know why the note was not entered," and the defendant answered that she did and that she would pay it when she could. At one of these interviews she told the plaintiff that she " could not force the thing." The plaintiff also testified that the defendant paid to her an open account, due from the maker of the note, between the spring and fall of 1898 ; and on September 22, 1899, the defendant paid $25 on the note in question.

In addition to her own testimony the plaintiff put an attorney on the stand, who testified that the matter now in suit was put in his hands for collection in December, 1900, and that after writing several letters to the defendant, to which he received no answer, he called on her in the summer or early fall of 1901. At this interview the defendant said that she understood that she had not got to pay the note unless she wanted to, but she would pay it if nothing was done to collect it; that Mr. Crowell, the plaintiff's testator, understood that, and the plaintiff understood it.

The plaintiff contends that this evidence made out a case under the rule laid down in *Griffin* v. *Cunningham*, 183 Mass. 505, following *Caswell* v. *Fellows*, 110 Mass. 52. It is to be noted in the first place that what the plaintiff has undertaken to make out is something more than a forbearance to sue induced by a voluntary promise to pay. She has undertaken to make out that a bargain was made, and in the second place that the bargain made was that in consideration of the defendant's promise to pay, the plaintiff discharged the estate and accepted the defendant as her sole debtor.

The plaintiff has not put her case on the ground that she proved that the defendant promised to pay the note in consideration of forbearance by the holder without a novation by the discharge of the estate and an acceptance of the defendant as the sole debtor and that by reason of the defendant's interest in the estate such a bargain is not within the statute of frauds. It is not necessary therefore to consider that.

In our opinion the plaintiff wholly failed to make out in evidence the case she contends that she made out.

In the first place, if the bargain made had been a discharge of the estate from the note, the note should have been surrendered by the plaintiff in place of being kept by her.

In the second place, the plaintiff testified that Crowell (the payee her testator) had talked with her on the subject, and yet, so far as the evidence went, never had stated that such a bargain was made.

In the third place the defendant's statement made to the plaintiff that she would pay the note was coupled with a statement that the plaintiff " could not force the thing."

Lastly, there was no evidence that the defendant's father left any estate. By his will he made provision for his son and two daughters, the executrices, but there is no evidence that anything passed under it. For aught that appears his estate was insolvent, and the plaintiff's testator preferred a voluntary promise of the defendant not binding on her and known not to be binding, to the dividend he was entitled to on proof of the note. On the evidence this was as probable an explanation as any other of the defendant's admission that she knew why the note was not entered against the estate. Under these circumstances the plaintiff has not sustained the burden of proof. Where the facts proved are as consistent with one view of the case as with another, the plaintiff has not sustained the burden of proving the second. *Toland* v. *Paine Furniture Co.* 175 Mass. 476.

The plaintiff also contends that the defendant promised to pay the note at the interview between the defendant and the plaintiff's attorney in the summer of 1901, in consideration of the plaintiff's agreeing not to insist on the defendant's filing an inventory of her father's estate and an account of her doings as executrix. But the evidence was that at this interview the plaintiff's attorney suggested to the defendant that she could be forced to file an inventory and to account, and asked her to give him her personal note. In place of doing so or promising to do so the defendant went no further than to say she would see her lawyer, and her lawyer subsequently told the plaintiff's attorney that the defendant refused to give her personal note.

*Judgment on the verdict.*