HARRY F. PECK *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Middlesex.    November 24, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence,* As to credibility of witness, Pleadings, Presumptions and burden of proof. *Witness,* Impeachment.

Allegations in the declaration in an action of contract to recover compensation for services as to the amounts which formed the basis of the plaintiff's computation of the sum due to him are presumed to have been prepared under the instructions of the plaintiff.

Where, at the trial of an action of tort for personal injuries the plaintiff has testified that at the time of his injury his average weekly earnings as a salesman for a certain firm were from $24 to $25 a week, and that such employment ended about three months after his injury, the record of an action of contract brought

by him against the members of that firm for compensation for his services, which showed that in his declaration in that action he had stated that his employment by the firm had begun three months before his injury and that all he had earned while in their employ was $256, is admissible as affecting his credibility as a witness.

TORT for personal injuries alleged to have been caused by a blow or shock received by the plaintiff when he had a telephone receiver at his ear. Writ dated January 11, 1915.

In the Superior Court the case was tried before *Keating,* J. The allegations in the declaration in the action by the plaintiff against his employers, referred to in the opinion, were: "that on or about the 1st of August, 1914, he made a contract with the defendant whereby he was to obtain orders for copper boilers for the defendants and was to receive for said services rendered five (5) per cent commission on all orders received; that in accordance with said agreement the plaintiff obtained orders for the defendants amounting to $5,139.75; that the defendants paid him on account, the sum of $125.00 and that there is now due the plaintiff under this contract the sum of $131.99."

The plaintiff testified that he procured orders for his employers in February, 1915. Other material evidence is described in the opinion. There was a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Butler,* for the plaintiff.

*J. N. Clark,* for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries alleged to have been received by the plaintiff on November 14, 1914, while using a telephone instrument owned and operated by the defendant.

The plaintiff testified upon direct examination that from August 1, 1914, until after the date of the accident he was in the employ of Gerstein Brothers as a salesman, and that his average earnings in this employment had been from $24 to $25 a week. This evidence was competent and material upon the question of damages. It related to his earning capacity at the time he was injured. On cross-examination he testified that he had brought an action against Gerstein Brothers to recover the amount which he claimed to be due him for services from August 1, 1914, until some time after the accident. Subject to the plaintiff's exception, a copy of

the record in that action was admitted in evidence. It showed that the amount claimed in that action by the plaintiff was much less than he testified in direct examination he had earned. We are of opinion that the record was admissible to contradict the testimony of the plaintiff on his direct examination as to his earning capacity. *Robinson* v. *Old Colony Street Railway*, 189 Mass. 594. *Riley* v. *Tolman*, 181 Mass. 335. *Mullins* v. *Peaslee*, 180 Mass. 161.

The rule that pleadings are not evidence does not apply to this case. While the declaration in the case against Gerstein Brothers was drawn by the plaintiff's attorney, still it may be presumed to have been prepared under the instructions of the plaintiff. *James* v. *Boston Elevated Railway*, 201 Mass. 263, 266. *Johnson* v. *Russell*, 144 Mass. 409. *Gordon* v. *Parmelee*, 2 Allen, 212, 215. The contention of the plaintiff that the action brought by him against Gerstein Brothers was so brought prematurely, does not seem to be material, as the relevancy of the record was to show by the declaration that his earnings before the injury were much less than he had testified on direct examination that they amounted to. The evidence as shown by the record was admissible to affect his credibility. In other words, it was allowed properly to test his honesty as well as the accuracy of his recollection. If the jury were satisfied that he testified falsely as to a material issue in the case, they had a right to consider it in determining the weight and degree of credibility to be given to all his testimony, including not only that which related to damages but that which referred to any other issue involved in the trial. The credibility of the plaintiff as a witness was wholly for the determination of the jury. *Commonwealth* v. *Clune*, 162 Mass. 206, 213–215. *Sullivan* v. *Boston Elevated Railway*, 199 Mass. 73. *Root* v. *Boston Elevated Railway*, 183 Mass. 418, 420. It follows that the entry must be

*Exceptions overruled.*