QUEALY LAND & LIVE STOCK CO. v. GEORGE et al*
(Nos. 1294, 1298; March 23, 1927; 254 Pac. 130.)

APPEAL AND ERROR — FRAUDULENT CONVEYANCES — DISPOSITION OF SALE PROCEEDS—MIS-STATEMENT OF CONSIDERATION IN CONVEYANCE IS A BADGE OF FRAUD UNLESS EXPLAINED—GRANTEE'S PARTICIPATION—FRAUDULENT INTENT MUST APPEAR—DEBTOR MAY PREFER ONE CREDITOR.

1.  Supreme Court will not disturb findings and judgment of trial court when evidence is conflicting, or where record contains substantial evidence to support findings and judgment.

2.  Evidence *held* insufficient to support judgment that chattel mortgage and bill of sale, covering sheep and wool, were given with intent of mortgagee to hinder, delay, and defraud plaintiff, and another creditor, though there was misstatement of consideration in bill of sale which is "badge of fraud," where consideration exceeded value of property transferred.

3.  Fact that grantor wasted money or disposed of it contrary to interest of creditors is immaterial, so far as grantee is concerned, on issue whether conveyance in good faith, for valuable consideration, was fraudulent.

4.  Misstatement of consideration in bill of sale is badge of fraud, but, unless known to be false and made to deceive creditors, it may be overcome by showing bona fide consideration equaling value of property and that transfer was made for honest purposes.

5. To render conveyance void, fraudulent intent must be known to and participated in by grantee; transaction not necessarily being void because he knew of grantor's fraudulent intent.

6. Debtor in failing circumstances may prefer one of his creditors, even though that creditor is a near relative.

*See Headnotes: (1, 2) 4 CJ p. 878 n. 82; p. 883 n. 33; 27 CJ p. 485 n. 47; p. 834 n. 54. (3) 27 CJ p. 506 n. 95. (4) 27 CJ p. 484 n. 33; p. 485 n. 47; p. 486 n. 49. (5) 27 CJ p. 486 n. 52. (6) 27 CJ p. 613 n. 82; p. 638 n. 12.

Appeal from District Court, Albany County; William A. Riner, Judge.

Suit by the Quealy Land & Live Stock Company against Henrietta George and others. From the judgment, both parties appeal.

*Corthell, McCollough & Corthell,* for appellant.

The burden of proof, that the transfers were given for a valuable consideration and in good faith, rested upon defendants. 12 R. C. L. 171; Murphy v. Pitkin, (Ala.) 67 So. 675; Weber v. Richardson, (Ore.) 147 P. 522; Bank v. Dauser, (W. Va.) 74 S. E. 623; Magic Co. v. Lewis, (Ky.) 175 S. W. 92; 27 C. J. 484. The trial court found that grantors gave the second chattel mortgage to defraud creditors, and that Henrietta George participated therein; we contend that the finding should have been that all conveyances were in pursuance of an intent to hinder and delay creditors; after the first mortgage was given, the mortgagor sold the mortgaged property and deposited the proceeds to the credit of the mortgagee; this constituted satisfaction of the first mortgage; 4698 C. S.; Hasbrouck v. La Febre, 23 Wyo. 380. Thereafter mortgagee filed an affidavit of renewal, claiming $7,612.50 due and unpaid on the mortgage; the undoubted purpose of this was to inform plaintiff that its judgment could not be enforced; the facts clearly indicate fraud with intent to

defeat creditors; 27 C. J. 809; Kelliher v. Sutton, 89 N. W. 26; Shipman v. Seamore, 40 Mich. 274.

*F. E. Anderson,* and *Donzelmann & Piggott,* for respondents.

The mortgages were held to be valid by the court below; fraud is never presumed; 20 P. 481; 195 N. W. 348; 72 S. E. 121. The warranty deed and bill of sale were made because the mortgagor said he could not go any further; the mortgagee acted under advice of counsel; after the debts were paid, there was little left to pay on other indebtedness; no fraud was shown by any of these transactions.

*F. E. Anderson,* and *Donzelmann & Piggott,* for defendant appellants.

The court erred in holding that the chattel mortgage of April 10, 1922 had been paid and discharged on November 17, 1922; the court erred in holding that the chattel mortgage given September 25, 1923 was fraudulent and void and that the property covered thereby was subject to executions in satisfaction of judgments obtained by plaintiffs, for the reason that said findings are not supported by the evidence; Bump on Fraudulent Conveyances, 194. The burden of proof rested upon defendants to impeach the preference; Barr v. Hatch, 3 Ohio 527. Fraud is never presumed; 72 S. E. 121. There is no presumption that a mortgage of property is made with fraudulent intent if the mortgagor, at the time, is actually indebted to another; 156 S. W. 1154; 155 N. W. 604; Bump on Fraudulent Conveyances, 194. Relationship itself is not a badge of fraud in connection with transfers of property; 20 Cyc. 451, 472, 482; Howard v. Rynearson, (Mich.) 15 N. W. 486; 30 N. W. 334; 32 N. W. 774; 33 N. W. 606; Pependick v. Frobenius, 33 N. W. 887; Buhl v. Peck, (Mich.) 37 N. W. 876; 39 N. W. 220. A debtor in failing circumstances may prefer one creditor to another, al-

though that creditor be his wife; 26 P. 942; 180 N. W. 58.
Fraud is not presumed from the mere showing of a tie of
blood or affinity between the parties to the transaction;
Trust Co. v. Scheetz, 195 N. W. 348; 16 Sup. Ct. 225;
Patterson v. Lee-Clark, 7 Wyo. 401; Johnson v. Abbott,
25 Wyo. 133. The question is whether the claim or debt
is bona fide; 26 P. 942; 25 Wyo. 133.

*Corthell, McCollough & Corthell,* for plaintiff appellees.

If there is evidence to support the judgment , it should
be affirmed; Edwards v. Wilson, 30 Wyo. 282; Mc Fadden
v. French, 29 Wyo. 409; Lellman v. Mills, 15 Wyo. 180;
Conway v. Smith Co., 6 Wyo. 468; James v. Lederer Co.,
(Wyo.) 233 P. 141. We are concerned only with that
part of the judgment adverse to the defendants and
affecting the two chattel mortgages, and the bill of sale,
or the transactions by which the defendants, Herman
George and Amy C. George, transferred the sheep and
wool to the defendant, Henrietta George; if the indebted-
ness recited in the consideration did not exist, or if the
statement of consideration be false, the transfer is void;
Murphy v. Pitkin, (Ala.) 67 So. 675; Weber v. Richard-
son, (Ore.) 147 P. 522; Ridenour v. Roach, (W. Va.) 87
S. E. 881; Henry v. Yost, (Wash.) 152 P. 714; Lawrence
Bros. v. Heyleman, (N. Y.) 82 N. E. 1128. The mort-
gage did not permit a sale of mortgaged property without
written consent of the mortgagee; the terms of the mort-
gage required all money received from a sale of the prop-
erty to be paid to the mortgagee; 4698 C. S.; Hasbrouck
v. La Febre, 23 Wyo. 380. The provision for renewal affi-
davits is found at Section 4697 C. S. and was repealed by
Chapter 163, Laws 1921, more than two years before the
affidavit of renewal was filed; the recital in the considera-
tion for the bill of sale was a badge of fraud, not overcome
by evidence; 27 C. J. 483; Ward v. Stutzman, (Mo.) 212
S. W. 67; Clark v. Philomath College, (Ore.) 193 P. 475;
Co. v. Lewis, (Ky.) 175 S. W. 992; Bump, 4th Ed. p. 43,

44, 47, 199, 201. The court below was justified upon the evidence in declaring the bill of sale fraudulent and void, and the judgment should, therefore, be affirmed.

BROWN, District Judge.

The defendant below, Herman George, is the son of Henrietta George. Amy C. George is his wife. As early as 1914, Herman George made arrangements with his mother to finance him in the taking and developing of a tract of government land. Under this arrangement she furnished him with the necessary money for buildings, fencing, ditching, plowing, and doing everything necessary to develop raw government land into a farm. In all she furnished $11,000. that went into improving the land. Then she furnished money to buy horses, harness and farm machinery, and to stock the place with cattle and sheep.

Henrietta George for a number of years owned and operated a dairy near Laramie, and was in the habit of keeping large sums of money concealed about her house. In making these loans to Herman George, she usually gave him the money in cash. November 23, 1917, he gave his mother a note and mortgage on the land for $11,000. During the years of 1920, and 1921, he had borrowed an additional $7,000 from his mother, which money was used in buying sheep and for running expenses. This sum was evidenced by a note secured by a mortgage on his sheep. On April 10, 1922, he gave his mother a new mortgage for $11,000 on his land and a note and mortgage on his sheep and wool for $7,000. On April 12, 1922, he borrowed an additional $3,000 from his mother. This money, after paying an $800 debt at the First State Bank of Laramie, was used largely in defraying the expenses connected with the defense of a criminal charge against him. On August 8th of the same year, he borrowed $3873.57, which was used in paying his ordinary running expenses in connection with the sheep and farm. In November of

the same year he sold his lamb and wool crop for the sum of $10,411.49, and deposited this money to his mother's credit. At this time he made arrangements with his mother to use some of this money for running expenses, and later he checked out all but $3350 of it.

To secure the payment of the last two loans, on September 25, 1923, he gave his note and a second mortgage on his sheep and wool for the sum of $6873.57.

Plaintiff obtained a judgment against defendants Herman George and Amy C. George on October 5, 1923, for the sum of $3100.34, and costs. On November 5, 1923, execution was issued on said judgment. Some hay belonging to defendant Herman George was levied upon, together with some hay belonging to third parties, but none of this property seems to have been sold under the execution, and the execution was finally returned unsatisfied.

On December 12, 1925, defendants Herman George and Amy C. George gave a deed to the land in question here and a bill of sale of the sheep and wool, being all or practically all of the property owned by them subject to execution. This deed and bill of sale were filed for record in the office of the County Clerk and ex-officio Register of Deeds of Albany County, on the 26th day of December, 1923. The defendant Henrietta George took possession of the property covered by the above deed and bill of sale at the time of, or just before the execution of these documents.

The deed recited a consideration of $12,103.66, the amount due on the $11,000 promissory note of April 10, 1922. The bill of sale recited a consideration of $6961.78, being the amount due on the note and mortgage of September 25, 1923; and also recited as consideration the chattel mortgage of April 10, 1922, originally for $7,000, but without giving the amount then claimed to be due. It also recited the inability of the maker to pay the principal and interest on these mortgages, and that the bill of sale was given to save the expense of foreclosure.

This action was brought December 29, 1923, for the purpose of having the above mentioned deed, mortgages and bill of sale set aside and declared fraudulent and void because given with intent to hinder, delay and defraud the plaintiff herein and other creditors. The defendants severally answered, admitting the execution and delivery of the several instruments, but denied that they were given for the purpose of hindering, delaying or defrauding plaintiff and other creditors, but alleged that each was given in good faith and for a bona fide debt from defendant Herman George to his mother Henrietta George, larger than the value of the property conveyed in the several instruments.

At the conclusion of the case, the trial court found that the real estate mortgage for $11,000, dated April 10, 1922, was valid; also that the deed given in consideration of this mortgage was valid; that the chattel mortgage of April 10, for $7,000, had been paid by the deposit of the $10,411.49 to the credit of Henrietta George in the fall of 1922—being the proceeds from the sale of the wool and lambs covered by this mortgage; that the mortgage of September 25, 1923, for $6,873.57, and the bill of sale of December 12, 1923, covering the sheep and wool, were given with the intent to hinder, delay and defraud, and that such intent was participated in by defendant Henrietta George. Each party appealed from that portion of the judgment of the court adverse to it. One opinion will dispose of both appeals.

The defendants contend that there is no evidence whatever in the record to support the judgment of the trial court finding that the chattel mortgage of September 25, 1923, and the bill of sale of December 12, 1923, were given for the purpose of hindering, delaying and defrauding the plaintiff. It is well established in this jurisdiction that this court will not disturb the findings and judgment of the trial court, when the evidence is conflicting, or,

when the record contains substantial evidence to support
the findings and judgment.

We have been unable to find any evidence that Hen-
rietta George participated in an intent to hinder, delay
and defraud plaintiff and other creditors.  She seems to
us to be an indulgent mother, ready to continue loaning
money to the son after the other members of the family
were refusing.  The total debt to the mother when the
last mortgage was given amounted to $24,873.57.  No in-
terest had been paid from 1914, except in 1917 and 1918,
when two payments were made of $440 each.  There
remained from the proceeds of the wool and lamb crop in
1922, a balance of $3350 to apply on the principal debt.
At this time she asked that $5,000 be applied on the debt,
and consented to his using the balance for current ex-
penses.  He checked out all but $3350.

It is contended by plaintiff that the sum claimed to
have been used for current expenses during the year
1922, is so large as to brand the testimony as unreliable.
We are not concerned so much with the question of what
was done with the money as we are with the question of
whether or not the money was actually obtained from the
mother.  The fact that the money was actually borrowed
is amply corroborated.  It, the money claimed to have
been used for expenses in 1922, came from two sources,
(a) $3873.57 from the sale of some city property by a
sister, (b) from the money deposited to the mother's
credit in the First State Bank of Laramie.  If the money
was not so obtained, this fact should be easily ascertain-
able from the bank records and other sources.  Since no
effort was made to contradict the evidence of these loans,
we must assume that they were made as claimed.

"When a conveyance is made in good faith, and for
a valuable consideration, so far as the grantee is con-
cerned, the transaction is a closed incident; and it cannot
affect him, even if the grantor should afterwards waste

his money in riotous living, or dispose of it contrary to the interest of the creditors." Coffey v. Scott, 135 Pac. 88.

At the time the deed and bill of sale were given, December 12, 1923, there was due the mother the sum of $21,-523.57, plus interest for several years. A part of the debt had been running since 1914.

It is contended by the plaintiff below that the sale of the wool and lambs covered by the chattel mortgage of April 10, 1922, and the deposit of the proceeds of such sale in the mother's name, constituted payment in full of said mortgage. This contention is based upon the fact that the mortgage contained the usual covenant prohibiting the sale of the property covered by mortgage, "without the written consent of the mortgagee." It did not contain the Wyoming provision permitting sale and replacement of the property sold by property of like kind and character. This contention is probably correct. But even though the mortgage of April 10, 1922, was paid, it does not necessarily follow that the bill of sale of December 12, 1923, was given for the purpose of hindering, delaying and defrauding creditors. That bill of sale, it is true, recited this mortgage as a part of the consideration, without attempting to give the amount due thereon. The mother intended that $5,000 should be applied on the amount due, from the proceeds of these sales; only $3350 was in fact left to her credit. More than two-thirds of this money was used by the son for running expenses. The form of the debt was changed, but the most of the debt remained unpaid. This brings us to the question of whether or not we should consider the misstatement of the consideration in the bill of sale as sufficient evidence of fraud herein. Such misstatement is a badge of fraud, but unless known to be false and made for the purpose of deceiving the creditors, it may be overcome by showing a bona fide consideration equaling the value of the property transferred and that the transfer was made for honest

purposes. Badges of fraud may always be overcome by evidence of the bona fides of the transaction. 27 C. J. 483. This can always be done by showing that the consideration was ample and the transfer made in good faith. To be fraudulent, the misrecital must be intentional and not the result of an innocent error. Kalk v. Fielding, 50 Wis. 339, 7 N. W. 296; 27 C. J. 486.

When Herman George brought the drafts representing the proceeds from the sale of the lambs and wool to his mother, he told her that he would have to have a part of the money to pay running expenses, and an arrangement was made between them whereby he was to use the money he needed, and he did use more than two-thirds of the money so deposited. Neither supposed that as a matter of law the sum so deposited paid off the mortgage of September 25, 1923. The mother made an affidavit that all of the principal and interest on this mortgage was due and unpaid. She either deliberately swore falsely, or she did not believe that the mortgage had been paid. We think the evidence as a whole clearly indicates the latter to be true, and this is especially so since the mortgage can at most be considered paid only by operation of law. She was acting under the advice of her attorney. He was urging her to foreclose her mortgage and pointing out to her that if she did not, she would lose money on the loans.

The fraudulent intent must be known to and participated in by the grantee to render the conveyance void. 27 C. J. 486. The grantee may know of the fraudulent intent of the grantor, yet if his intentions are for the honest purpose of securing the payment of his debt and not for the purpose of hindering, delaying or defrauding other creditors, the transaction is not void. The grantee may be diligent in obtaining his debt without being open to the charge of having a fraudulent intent. 27 C. J. 630, and cases cited under notes 34 and 35.

The grantee in this case is a woman of foreign birth. Her answers indicate that she is unfamiliar with modern

business methods. This is corroborated by the fact that she habitually kept large sums of money concealed about her house.. The record is silent as to whether or not she knew of the judgment of the plaintiff, and that it was unpaid at the time the bill of sale and deed were given. There is nothing to indicate that she acted in bad faith. After the transaction of selling the lambs and wool, depositing the money to her credit and checking most of it out by Herman, the debt on these items still equaled about the value of the property as fixed by the witnesses. In this connection it should not be forgotten that the mortgage on the land was $11,000, and that the highest value of this land fixed by any witness was less than $6,000. The first step in overcoming badges or indicia of fraud is to show a bona fide consideration equal in value to the property transferred. In this case the consideration far exceeds the value of the property transferred. This property was all acquired with the mother's money. The land was raw government land when taken by defendant Herman George. It was improved, ditches were dug, buildings were erected, land was broken and disced with the mother's money. Not only that, farm machinery was acquired, work horses were secured, cattle and sheep were bought, all from her money. From 1914 to the time the mortgages were given, he had borrowed from his mother $21,469.57, and of that sum he had paid $3350 on the principal and two years interest of $440 each. The land, sheep and wool involved in the transactions were worth at that time $11,745.

The proposition that a debtor in failing circumstances may prefer one of his creditors, even though that creditor is a near relative, is too well established to require the citation of authorities.

We find no reason to disturb the finding of the trial court as to the validity of the deed to land, mentioned in the petition filed in this cause in the trial court, said deed being dated December 12, 1923, and as to that deed the

judgment of the court, sought to be reversed in cause No. 1298 of this court, is affirmed. But we feel constrained to hold that the judgment of the District Court, holding the chattel mortgage dated September 25, 1923, and the bill of sale dated December 12, 1923, to be void—that judgment being sought to be reversed in cause No. 1294 of this court—is hereby reversed and the cause is remanded to the District Court for a new trial on the issue as to the validity or invalidity of these instruments.

*Affirmed in part and reversed in part.*

Blume, C. J. and Burgess, District Judge, concur.