MAX S. LEWIS *vs.* WILLIAM KANTERS.

Suffolk.    January 4, 1928.— January 9, 1928.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence*, Of title, Competency.    *Sale*, Warranty.

At the trial of an action of contract for breach of warranty of title to an automobile sold to the plaintiff by the defendant, evidence that the defendant had consulted an attorney and had given him instructions to make a claim against one who had sold the automobile to him on the ground that the automobile was a stolen automobile, and that action against his vendor had been brought accordingly, together with evidence of changes of number on the engine and on the frame, of repainting, that an automobile of the same make had been stolen, and that an investigator and inspector of motor vehicles for the State of Connecticut, after examination of the automobile, had taken it from one to whom the

plaintiff had sold it, warranted a finding that the automobile was a stolen automobile which the defendant had no right to sell.

The statement by the defendant to his attorney and the allegations in his declaration in the action against his vendor were competent evidence.

CONTRACT for breach of warranty of title of an automobile sold to the plaintiff by the defendant. Writ in the Municipal Court of the City of Boston dated November 1, 1922.

On removal to the Superior Court, the action was tried before *Qua*, J., with an action of Kanters *v.* Coburn, according to the bill of exceptions, "on the single issue that: 'If Mr. Lewis in the case against Kanters succeeded in proving that Kanters sold Lewis a stolen automobile which he had no right to sell, then Lewis shall recover against Kanters the sum of fifteen hundred ($1500) dollars and interest from the date of the writ, and that if Lewis recovers against Kanters; [*sic*] that all questions of pleading in either of these suits are waived. This agreement is made in order to avoid some possible technical question of pleading and on the measure of damages that may otherwise arise.'"

Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,863.46. The defendant alleged exceptions.

The case was submitted on briefs.

*A. C. Lurie*, for the defendant.

*E. M. Dangel, L. E. Sherry, & A. A. Katz*, of Connecticut, for the plaintiff.

RUGG, C.J. This case was tried to a jury on the single question, whether the defendant sold to the plaintiff a stolen automobile which he had no right to sell. The point to be decided is, whether the evidence warranted the verdict against the defendant.

A summary of the evidence disclosed by the bill of exceptions is that the defendant testified that he sold to the plaintiff "a dark brown Hudson coupe capable of seating four people and upholstered in dark brown, perhaps maroon or wine color," receiving $1,500 therefor, and giving to the

plaintiff a clear bill of sale wherein it was stated that the engine number was 85361; that he subsequently gave instructions to his attorney to make claim against one Coburn on the ground that this automobile sold to him by Coburn had been stolen, and that action accordingly was brought against Coburn on this ground. One Harrison, an investigator and inspector of motor vehicles for the State of Connecticut, testified that he examined this automobile in the possession of the plaintiff and found that the upholstery in color did not harmonize with the color of the car; that the serial number had been defaced, and that the different numbers on the car showed that "they were faked"; that a piece of aluminum was soldered on the original serial plates; that the serial number was 11-038498; that it was his belief that the manufacturers of this car never made a number like 11-0-; that in addition to the inconsistent numbers the car had been recently painted; that the frame number bore evidence that "there was a number stamped over another one"; that the doors showed after scraping that the original color was a snuff color brown. One Whittaker testified that in 1921 he owned an automobile of the make here in issue which was stolen from him. Another witness testified in substance that he purchased the car in question from the plaintiff; that the numbers that were shown him were different from the original numbers; that the numbers on the two sides of the engine were different; that the numbers on the chassis were stamped one on top of another; and that the car was taken away from him by Harrison soon after the latter's inspection.

No discussion is required to demonstrate that this evidence warranted a finding that the car sold to the plaintiff by the defendant was stolen and that he could transfer no title. The case is governed by *Commonwealth* v. *Perry*, 248 Mass. 19, 24, and *Commonwealth* v. *Friedman*, 256 Mass. 214. No objection appears to have been taken to any of the evidence. The statement by the defendant to his counsel and the allegations in his declaration against Coburn were competent. *Johnson* v. *Russell*, 144 Mass. 409. *Peck* v. *New England Telephone & Telegraph Co.* 225 Mass. 464. The

case is quite distinguishable in all its material aspects from *Smith* v. *First National Bank in Westfield*, 99 Mass. 605, 612, and *Crowell* v. *Moley*, 188 Mass. 116, upon which the defendant relies.·

*Exceptions overruled.*