HARRIET CLARKE *vs.* ARTHUR S. TAYLOR.

Bristol.     October 29, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Evidence*, Competency, Pleadings in another action, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries sustained when an automobile in which the plaintiff was riding collided with an automobile of the defendant, the plaintiff contended that the automobile in which he was riding was being operated at a reasonable speed and that the operator was not negligent in failing to see the defendant's automobile, which was parked at night without lights. The plaintiff previously had commenced and had discontinued an action for the same injuries against the operator of the automobile in which he was riding. Subject to the plaintiff's exception, the trial judge admitted in evidence, for the limited purpose of aiding the jury in determining what weight they would give to the plaintiff's present contentions, specifications filed by the plaintiff in the previous action, in which he had stated that the defendant therein was negligent and grossly negligent in driving too fast and in failing to see the present defendant's automobile. *Held*, that

(1) Pleadings by a party in another action are admissible if material and if they are made by the party personally or by his authorization or adopted by him;

(2) The statement in the specifications must be presumed to have been made under instructions from the plaintiff;

(3) The evidence properly was admitted.

TORT.     Writ dated October 28, 1927.

Material evidence at the trial in the Superior Court before *Gray*, J., is stated in the opinion. The jury found for the defendant and the plaintiff alleged an exception to the admission of certain evidence.

*M. Entin*, for the plaintiff.

*T. F. O'Brien*, for the defendant.

SANDERSON, J.     The plaintiff brought two actions of tort for injuries sustained as a result of a collision of automobiles. One action was against Sarah L. Harrington, the owner, and Paul Harrington, the operator, of the automobile in which the plaintiff was a passenger. The other was an action against the defendant Taylor, whose

automobile the plaintiff contended was parked without lights in the night time. The evidence tended to prove that the automobile in which the plaintiff was riding ran into this parked automobile of Taylor. At the trial of the latter case the plaintiff's attorney discontinued the action against Sarah L. Harrington and Paul Harrington.

The plaintiff, in the trial of the case against Taylor, took the position that the automobile in which she was riding was going at a reasonable rate of speed, and that the driver was not careless in failing to see the standing automobile under the control of Taylor. The defendant Taylor introduced in evidence, without objection, the declaration in the case that had been discontinued. In that case specifications had been filed on motion to the effect that the manner in which the defendant was negligent and grossly negligent was in "going too fast and in failing to see the automobile which was stopped." Counsel for the plaintiff assented to a statement by the judge that the plaintiff's position was that the car in which she was riding was going at a reasonable rate of speed and that the driver was not careless in failing to see the automobile. The judge then admitted the specifications for the limited purpose of aiding the jury in determining what weight they would give the present contention of the plaintiff in view of the fact that she made a different contention in the action which had been discontinued.

The provision of G. L. c. 231, § 87, that "Pleadings shall not be evidence on the trial, but the allegations therein shall bind the party making them," was intended to apply to the trial of the case in which the pleadings were filed. When offered in the trial of another case they may be introduced if material to the issue and if made by the party personally or by his authorization or if adopted by the party. *Dennie* v. *Williams,* 135 Mass. 28, 29. *Johnson* v. *Russell,* 144 Mass. 409, 411. *Sherry* v. *Moore,* 258 Mass. 420, 424. *Lewis* v. *Kanters,* 262 Mass. 275. The pleading of formal allegations by an attorney may be presumed to have been made without special instructions from his client, but in statements setting out a specific

cause of action or defence the attorney is presumably acting under special authorization of his client. *Gordon* v. *Parmelee,* 2 Allen, 212, 215. *Bliss* v. *Nichols,* 12 Allen, 443, 445. *DeMontague* v. *Bacharach,* 187 Mass. 128, 132, 133. *Peck* v. *New England Telephone & Telegraph Co.* 225 Mass. 464, 466. The statement in the specifications was more than a mere technical statement in pleading, and the specifications carried with them the presumption that they were made under the instructions of the plaintiff. The ruling admitting the evidence was right.

*Exceptions overruled.*