QUEALY LAND & LIVESTOCK CO. v. GEORGE, ET AL.
(No. 1754; Jan. 24, 1933; 18 Pac. (2d) 253)

For the plaintiff in error there was a brief by *Corthell, McCollough & Corthell,* all of Laramie, Wyoming, and oral argument by *Mr. N. E. Corthell.*

For the defendants in error there was a brief by *F. E. Anderson,* of Laramie, Wyoming, and oral argument by *Mr. Anderson.*

BROWN, District Judge.

This is the second time this case has been before this court. For the former opinion see 36 Wyo. 268, 254 Pac. 130. This action was brought in Albany County by plaintiff, Quealy

Land and Livestock Company, against Herman George, Amy C. George his wife, and Henrietta George, his mother, to have set aside, as fraudulent, a deed, dated December 12, 1923, conveying from Herman George and wife to his mother all of the real estate owned by him, except a homestead of 160 acres exempt from execution under both Federal and State law; reciting as consideration therefor the discharge and settlement of a certain real estate mortgage, dated April 10, 1922, for the sum of $12,103.66, covering the real estate mentioned in the deed. Also to have set aside as fraudulent and given for the purpose of hindering and delaying creditors, a bill of sale dated December 12, 1923, transferring from Herman George and wife, to his mother, certain sheep and wool, being all of the sheep and wool then owned by him, reciting as a consideration therefor the discharge and cancellation of two chattel mortgages dated April 10, 1922, for the sum of $7000.00 and September 25, 1923, for the sum of $6873.57, respectively, each covering all or substantially all of the sheep, lambs and wool owned by defendant Herman George at the time of their execution.

The plaintiff, Quealy Land and Livestock Company, brought an action on a promissory note against defendants Herman George and Amy C. George, May 11, 1921, and recovered judgment September 22, 1923. On November 5, thereafter, execution issued on said judgment and on December 5th, was returned unsatisfied.

The position of the defendant, Herman George, is that under an agreement as early as 1912, his mother, Henrietta George, advanced to him from time to time large sums of money with which to improve the land in question, stock the same with sufficient livestock, and to cover his running expenses. That she loaned him in 1914 and 1915 the sum of $3625.00; in 1916, the sum of $1910.00; in 1917, the sum of $5465.00; in 1920 and 1921 the sum of $7000.00, and in 1922 the sum of $6873.57. That in giving his mother the deed, bill of sale and several mortgages he was only carry-

ing out his agreement with her and securing her for the money she had advanced to him. That in so doing he acted in good faith and with honest intentions.

As a result of the first trial the lower court found that the transfer of the real estate from George to his mother was in good faith and for a valuable consideration, but that the transfer of the personal property was fraudulent and made for the purpose of hindering and delaying creditors. Each party appealed from that part of the judgment adverse to it.

In the former hearing in this court, the judgment of the lower court was affirmed as to the transfer of the real property and reversed as to the transfer of the personal property and remanded for a new trial on the issue of the validity of the bill of sale and chattel mortgages. The question of the validity of the real estate transfer is closed and determined and will receive no further mention.

In the second trial below, all of the evidence introduced by both parties in the first trial was introduced by stipulation. The court on motion of defendants' counsel, at the close of the plaintiff's case found in favor of the defendants.

Plaintiff brings the case here by proceeding in error.

After the trial below Henrietta George died and the case was revived against her personal representatives, heirs and legatees.

The errors complained of except the formal specifications, that the decision and judgment are contrary to the evidence, contrary to law, not sustained by sufficient evidence, and that the court erred in overruling the motion for new trial, relate largely to the refusal of the court to receive in evidence certain documents consisting of pleadings, judgment roll, a receipt evidencing the settlement of the controversy, in certain litigation between the son and his father and mother in 1919, and an assessment schedule signed by Herman George for the year 1918. This litigation between these parties consisting of first, an action brought by the son against his father and mother, claiming the sum of $1133.00

for general ranch work performed during the year 1913 to 1917. In their answer and cross petition the father and mother claimed there was due them from the son the sum of $3240.00 made up of a number of items, some for money loaned, none of which correspond to the sums the mother claims in this action to have loaned him prior to that time. Second, a replevin action brought by the father and mother against the son about the same time. Third, objections filed by the son against his mother as administratrix of his brother's estate, objecting to her acts as such administratrix, her answer thereto, and the decree of the probate court closing the controversy. Fourth, the receipt executed by the parties settling the whole litigation by the payment by mother to son of $500.00 cash.

In those cases where the transfers of property from one member of a family to another were charged to have been fraudulent as to the creditors of the grantor and made for the purpose of hindering and delaying creditors, a most liberal rule in the reception of evidence prevails. Fraud in such cases ordinarily must be established by circumstantial evidence. In cases where the circumstances have been strong and of a convincing character, they have been permitted to outweigh the direct testimony of the parties. In Bank v. Hartsock, 202 Ia. 603, 210 N. W. 919, 920, the court said:

"Though the parties concerned testify directly to the payment of a valuable consideration and in good faith, but the proved circumstances make such direct testimony improbable and, either alone or with other evidence, lead the mind to the conclusion that the consideration claimed was not paid, or that the transaction, instead of being in good faith, was, in reality, fraudulent, the court should disregard the direct and accept the circumstantial."

Fraud is not often committed in the open, and can rarely be established by direct testimony, and in many cases only can be shown by numberless details or circumstances outweighing the direct testimony. It not unfrequently happens

that facts standing alone would be irrelevant but where taken with other facts and circumstances tend to elucidate the matter, should be received in evidence. 27 C. J. 804, § 735.

Quoting from the case of Ganong v. Green, 71 Mich. 1, 38 N. W. 661, at page 665: " 'Question. Tell the jury why with all this degree of business ability, you have not looked after that property, and secured what was due you?' The answer to this question was objected to and excluded by the court. The plaintiff was being cross examined as to certain property he had released from his mortgages, his reasons for doing so; also as to the property which he took into his possession after the time of the levy. This property was not involved in the controversy in this suit. It was no part of that sold under the execution for the value of which the plaintiff was seeking to recover. The broadest latitude should be allowed on cross examination where fraud is charged, and, while this inquiry was not directed to the property in controversy, yet it was a material inquiry as to what Charles had done with that part of the property not set out as exemptions to Thaddeus; and the defendant had the right to show Charles' appropriation of it in reducing the amount of his mortgage.''

Plaintiff offered in evidence as "Exhibit No. 7" the answer and cross petition of Henrietta George and Ludwig George, the mother and father of Herman George in the action he brought against them in 1919. This offered evidence was objected to on the ground that it was signed and verified by the attorney instead of by them or one of them and that it was incompetent, irrelevant and immaterial. This objection was sustained and the offer excluded.

In this answer and cross petition the father and mother claimed $3240.00 due them from him, a large portion of which was for money claimed to have been loaned him by the mother from 1914 to 1919, a portion of the period she now claims to have loaned him $11,000.00 in various sums during the same years. Neither the dates nor the amounts

of the various sums claimed to have been loaned agree in the two actions. The differences between the son and his father and mother were settled at the close of litigation in 1919 by the mother paying the son $500.00 in cash. We think the offer should have been received. It should be observed in this connection, however, that the sum of $13,873.57 was claimed to have been loaned the son by the mother after 1919. If as a matter of fact this money was loaned as claimed and it should further appear that the personal property in question is not worth more than such sum, the mother should be protected.

The pleading of a party in another action if it contains facts inconsistent with his position in the action on trial is competent evidence against him and its admissibility is not affected by the fact that the pleading was signed and verified by his attorney, and that is especially true where from the very nature of the facts they must have been furnished the attorney by the party. 22 C. J. 335, § 376. Quoting from Johnson v. Russell, 144 Mass. 409, 11 N. E. 670, 671:

"Defendants answer in the Campbell suit was competent evidence against him in this suit; and it makes no difference whether he had seen the answer and knew its contents."

In Clarke v. Taylor, 269 Mass. 335, 168 N. E. 806, 807, the court says:

"The pleading of formal allegations by an attorney may be presumed to have been made without special instructions from his client, but in statements setting out a specific cause of action or defense the attorney is presumably acting under special authorization of his client."

See, DeMontague v. Bacharach, 187 Mass. 128, 72 N. E. 938; Peck v. New England Tel. & Tel. Co., 225 Mass. 464, 114 N. E. 674; Linn v. Clark, 295 Ill. 22, 128 N. E. 824; Illinois Central R. R. Co. v. Norris, (C. C. A.) 245 Fed. 926; Hyers, et al. v. Hines, 36 Wyo. 53, 252 Pac. 1028;

Cady v. Daxator, 193 Mich. 170, 159 N. W. 151, 14 A. L. R. 10. It was error to exclude the exhibit.

The pleadings of the parties in another action are independent relevant evidence for some purposes. 22 C. J. 336. We think the pleadings in the various actions pending between the parties in 1919 also should have been received and considered by the court in connection with the statement of witness Downey that the parties were very bitter towards each other while these actions were pending, as showing the state of mind of the parties towards each other, when it is now claimed that the mother was loaning the son large sums of money.

As one of the circumstances tending to contradict the position of the defendants, plaintiff offered in evidence the assessment schedule of Herman George for the year 1918 in which he listed one half of the sheep now claimed to belong to him, bought with his mother's money for him and run on money borrowed from her, as the property of his brother Charles. We think it should have been received as one of the circumstances elucidating the whole matter.

Plaintiff after showing witness Joe Lane's long experience in running sheep, his acquaintance with Herman George and his ranch, asked him, "It is in evidence here, Mr. Lane, that Mr. George, during the years 1919 to and including 1923, has been running from 644 to 1350 head of sheep, and had 644 head in the fall of 1919, and having purchased sheep from the plaintiff in this case, the Quealy Land and Livestock Company that fall. With your knowledge of the location of his ranch, his manner and method of handling sheep, what would you say would be the usual or ordinary running expenses in the operation of that business?" An objection to this question was sustained. In answer to an inquiry by the court, the attorney for plaintiff said he intended to show that Herman George didn't use the sums of money he claimed to have used as running expenses. After the objection was sustained he made the following offer, "We offer to show what the ordinary run-

ning expenses of the business conducted in that manner would be.'' The ruling was correct. The question and offer of proof do not cover all the essential facts. George claimed that his expenses were high because he was fighting scab all the time. This element of expense was entirely ignored by the question. It would seem that the expense of running sheep would not be the same for any two years on account of weather, climatic changes and range conditions. The question and offered proof do not relate to any particular year.

We think it unnecessary to notice the other errors complained of. All of the evidence refused by the trial court was new evidence, none of it having been used on the first trial. It was brought forward by the attorney for plaintiff on the second trial in an effort to rebut the direct evidence of defendants, and with the exception of the offered testimony of witness Lane, should have been received by the court and its effect on the direct evidence considered in arriving at a judgment. The judgment of the lower court is reversed and the case remanded for further proceedings not inconsistent herewith.

KIMBALL, C. J., and BLUME, J., concur.