## SMITH v. JACKSON STATE BANK.
### No. 681.

Circuit Court of Appeals, Tenth Circuit,
March 4, 1933.

COTTERAL, Circuit Judge, dissenting in part.

Ray E. Lee, of Cheyenne, Wyo. (S. M. Lee, of Cheyenne, Wyo., on the brief), for appellant.

Harry B. Henderson, Jr., of Cheyenne, Wyo. (Payson W. Spaulding, of Evanston, Wyo., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant, Russell M. Smith, a citizen of Missouri, brought a suit against appellee, the Jackson State Bank, a citizen of Wyoming, to quiet his title to a tract of 151.33 acres, in Teton county, Wyo., to recover damages in the sum of $6,500 for slander of title, and to be awarded other just and equitable relief.

He alleged in his complaint he was the owner and in possession of the land; that the bank, on June 21, 1926, obtained a judgment in the Teton county district court, against Hugh Smith, for $3,569.15, caused an execution to issue thereon and at the sale bid in the land for $2,400, obtaining a certificate of sale which it caused to be recorded in the county clerk's office, that with the intent to cast a cloud on the title to the land, the bank brought another action against the plaintiff and Hugh Smith and his wife, falsely alleging that plaintiff had accepted a deed for the land from them, without consideration, and with intent to defraud the creditors of Hugh Smith, to plaintiff's knowledge; that plaintiff was compelled to attend the

suit at various places, but it was dismissed by the bank; that appellant informed the bank of the facts and requested a release of its claim to the land, but it maliciously refused the request and without probable cause endeavored to compel appellant to pay Hugh Smith's debt to the bank; and that the appellant has been compelled to expend $1,500 to protect his title against appellee's claim and has been damaged thereby in the additional sum of $5,000.

The bank answered the petition, admitting plaintiff's possession of the land since May 14, 1927, and alleging his claim to the land was by virtue of a deed from Hugh Smith and wife, for the recited consideration of $1, but it was without actual consideration, showed on its face his signature was not witnessed, was in terms subject to a mortgage of the grantors, securing $2,500 in favor of the Willock Realty & Loan Company, and that mortgage was satisfied of record, on February 1, 1926.

The answer also alleged that Hugh Smith owed the bank $3,569.15, with interest, and did not have property sufficient to pay his debts other than the said land, and on September 25, 1925, without notice of the deed, the bank brought an action on its demand against him, and obtained the judgment against him by default on June 21, 1926; that an execution was issued thereon and the appellee purchased the land at the sale for $2,400.

The answer further denied all allegations of the petition not admitted, denied the bank knew or believed the allegations of its said petition in the action referred to were false, denied appellant endeavored to secure a trial of the case, but alleges it was continued at defendant's request, was reset and then dismissed without prejudice, denied the bank endeavored to compel appellant to pay the said judgment, but has made an offer that the land be resold and plaintiff appellant paid any valid claim he has to the land, and alleged the only purpose of the said execution and sale was to secure the payment of the bank's demand.

The prayer was that the deed be canceled, the bank be declared the owner of the land, with an offer that plaintiff be allowed a lien for his mortgage and outlays, if entitled thereto, and the bank be allowed a reasonable time to pay the same. There was added a prayer for other relief.

On June 1, 1931, the cause was tried before the court, without a jury, and by agreement of counsel the parties were allowed until the next day to stipulate for a revision of the pleadings and a transfer of the case to the equity side of the docket. On June 2, 1931, it was ordered, on stipulation, that the cause be so transferred, and plaintiff was allowed 20 days to conform his pleadings to an action in equity.

The court made special findings of fact and rendered a decree quieting plaintiff's title to the land, subject to the lien of the bank for $4,475.86, to be paid in 90 days, and in case of default to be realized by foreclosure and sale.

The deed of Hugh Smith and his wife, on its face, shows it was executed on August 15, 1925, by the grantors in the presence of Geo. F. Kapp, as subscribing witness. It also shows that Hugh Smith acknowledged it before a county clerk in Wyoming on August 28, 1925, that Mrs. Smith acknowledged it before Kapp as a notary, in California, on August 15, 1925, and again before him on December 31, 1925. The deed appears to accord with the Wyoming statute, which requires both a subscribing witness and acknowledgment. Section 4589, Comp. St. Wyo. 1920. Extrinsic evidence was required to show that the signature of Hugh Smith was not attested by a witness. But where an instrument is sufficient on its face, it is entitled to be recorded, and imparts constructive notice to an execution creditor. Boswell v. First Nat. Bank of Laramie, 16 Wyo. 161, 92 P. 624, 93 P. 661; Conradt v. Lepper, 13 Wyo. 473, 81 P. 307, 82 P. 2.

The trial court held, however, that while the deed was good between the parties, it was fraudulent and void as to the bank, and this conclusion was based on certain findings, which were, in substance: The deed was without consideration other than as expressed, which was grossly inadequate, and it was without obligation on the grantee to assume or pay the mortgage of Willock Realty Company for $2,500, and interest. The plaintiff and Hugh Smith are first cousins. The latter remained in possession and cropped the land in 1925 and 1926, without accounting for rent. Hugh Smith lived with his wife in California during the winter months of 1927, returned to the land in May, 1927, to cultivate it, when he was served with summons in the suit of the bank to annul the deed, and he immediately returned to California. He had no other property available to creditors. The transfer was of all the debtor's property and he retained possession of it.

The conveyance was made with intent to hinder, delay and defraud the bank, to the knowledge of the plaintiff.

The majority of this court disagree upon the facts, but not upon the result. On an appeal in an equity suit, the case is tried de novo, but the rule is the findings of the trial court should be accepted, unless it appears a serious mistake was made in estimating the evidence. The writer of this opinion is convinced such mistake occurred in this case. For example, it was found the deed was without consideration. But the undisputed evidence shows the consideration was the satisfaction of a mortgage for $2,500, dated in April, 1922, in favor of the Willock Realty & Loan Company, securing a loan of that sum by the plaintiff to whom the mortgage was promptly assigned, and that the transaction was conducted through the appellee bank, which delivered the money to Hugh Smith for the note and mortgage, and then forwarded those instruments to the mortgagee.

The writer also finds the consideration was adequate, for the evidence shows that Hugh Smith tried to sell the land, but failed, and was finally obliged to make the deed to avoid foreclosure, and this occurred before the bank had any lien on the land or had even sued on its demand.

The writer is also of the view that there was no fraud in the deed transaction, and that it is wholly immaterial whether Hugh Smith had a design to defraud the bank, as the undisputed evidence shows Russell Smith, the appellant, did not even know of the debt of Hugh Smith to the bank, and, in order to defeat the deed, Russell Smith must have been a participant in the fraud. Quealy Land & Live Stock Co. v. George, 36 Wyo. 268, 254 P. 130.

The writer does not agree with the findings that the grantors retained possession of the land or appropriated the crops from it. If they did continue in possession, the land was their homestead and any conveyance they made of it could not be fraudulent as to creditors. North Platte M. & E. Co. v. Price, 4 Wyo. 293, 33 P. 664; Rohl v. McCullough (C. C. A.) 34 F.(2d) 268; Sieg v. Greene, 225 F. 955, Ann. Cas. 1917C, 1006; 27 C. J. 441. The evidence shows that Hugh Smith and his wife left the land but he returned in 1925 and harvested the hay for a share of it, but it is still stacked on the land, and in 1926 Andy Abell looked after the hay crop for Russell Smith. The answer admits plaintiff's possession since May 14, 1927.

The other judges entertain the view that the findings of the trial court are essentially correct and suffice to impeach the deed, and that view must of course prevail. But the majority agree it is insufficient to affect Russell Smith's mortgage and it should be upheld. It is unquestioned the bank had personal notice of it. And the release was but a formal expression it had been satisfied by the deed. But as the deed fails, Russell Smith is remitted to his mortgage rights. 27 C. J. 674. The mortgage should be reinstated and sustained as creating a first lien on the land, due to its priority in time, as there was no intent on his part to release the security, except in consideration of acquiring title to the land, and the mortgage was not merged in the deed. 41 C. J. 779; Factors' & Traders' Ins. Co. v. Murphy, 111 U. S. 738, 4 S. Ct. 679, 28 L. Ed. 582; In re Feeney Tool Co. (D. C.) 300 F. 379; Wyman, Partridge & Co. v. Tierney, 42 Wyo. 321, 294 P. 781, 75 A. L. R. 667. The mortgage should be preserved, as the mortgagee is presumed to have so intended to secure him against the subsequent adverse lien of the bank. Pomeroy Eq. Jur. (4th Ed.) vol. 2, § 793.

Russell Smith was entitled to enforce his lien, mistakenly released. It would certainly be unjust to subordinate his lien to the lien or title of the bank. He was entitled, under his general prayer, to relief as broad as the equitable powers of the court. Turner v. Kirkwood (C. C. A.) 62 F.(2d) 256; 21 C. J. 679. Also to amend his complaint, if needful, to protect his rights. Equity Rule 19 (28 USCA § 723).

There was no proof of a want of a probable cause, or malice, on the part of the bank in the proceedings taken to collect its demand, and that element of the complaint was properly disregarded by the trial court.

With regard to the costs, it is to be considered that Russell Smith should have accepted the tender of the bank to allow his mortgage lien. Instead, he elected to insist upon his deed. For this reason, he is justly taxable with the ensuing costs. Further, he is not entitled to interest after the bank made its tender, and he is chargeable with the fair rental value of the land from the date the bank was entitled to a deed, under the execution sale.

The decree is reversed, with direction to enter another, canceling the deed as to the bank, awarding Russell Smith a first lien on the land for the amount of his mortgage debt,

with interest from April 7, 1922, to July 9, 1931, and taxes paid by him, as authorized by the mortgage, deducting therefrom the fair rental value of the land since December 6, 1927, with the right of foreclosure and sale to realize those demands, awarding the bank an enforceable junior lien for its judgment, with interest and costs, taxing the costs of this suit to the bank accruing until its answer was filed, and taxing all remaining costs to Russell Smith.

Reversed.

PHILLIPS, Circuit Judge, concurs in the result.